### JACOB GORDON *versus* WARREN GILMAN.

Under the Revised Statutes of 1841, the notice required by law to terminate a tenancy at will, when the rent was payable yearly, was three months notice in writing to quit at the expiration of that time.

The rights of a tenant at will before such notice, and for the three months thereafter, under those statutes were the same as those acquired under a written lease for a like period.

Such rights are determined by the statutes in force at the time when the question arises.

The rights of a party are not affected by the withholding of requested instructions which are not pertinent to the issue.

The provisions of the Revised Statutes of 1841, requiring notice to terminate a tenancy at will, are not contained in the Revised Statutes of 1858.

Under the existing laws, tenancies at will are determinable at the will of either party, and without notice.

The provisions of sections 1 and 2 of chapter 94, of the Revised Statutes of 1858, relate only to the process of forcible entry and detainer and to the notices required for its maintenance.

ON EXCEPTIONS to the ruling of KENT, J.

TRESPASS *quare clausum.*

The evidence tended to show that the plaintiff was tenant at will of the *locus in quo,* under the defendant, paying rent

yearly; that, in the fall of 1857, the defendant notified the plaintiff verbally that he should not allow him to occupy the premises any longer; and that the alleged trespass was committed in June, 1858.

The counsel for the plaintiff requested the presiding Judge to instruct the jury, (*inter alia :*)—

1. That, in the fall of 1857, the notice required by law, to terminate such a tenancy, was three months notice, in writing, to quit at the expiration of said three months, when the rent was payable yearly.

2. That, since the first of January, 1858, the notice required by law, to terminate such a tenancy, is thirty days notice to quit, in writing, served on the tenant thirty days before the time named for its termination; but, if no rent is due, it shall not be terminated, except at the option of the tenant, until rent shall become due.

These instructions the presiding Judge declined to give, and, the verdict being for the defendant, the plaintiff excepted.

There was also a motion to set aside the verdict as being against the evidence.

*J. Granger*, for plaintiff.

*F. A. Pike*, for defendant.

The opinion of the Court was drawn up by

APPLETON, J.—This is an action of trespass *quare clausum fregit*.

It appears that the defendant, in 1853, verbally leased to the plaintiff a tract of land for ten years, from the first of May, of that year, at an annual rent of eight dollars. The plaintiff entered and continued in possession, paying rent up to May 1, 1858, when the trespass complained of was committed.

There was evidence tending to show that, in the fall of 1857, the defendant told the plaintiff that he should not allow him to occupy any longer the premises leased, and to the contrary.

From the exceptions, it is apparent that a tenancy at will existed between the parties.

The counsel for the plaintiff requested the Court to instruct the jury "that, in the fall of 1857, the notice required by law, to terminate a tenancy at will, was three months notice, in writing, to quit at the expiration of three months, when the rent was payable yearly," but the Court declined so to instruct them.

In the fall of 1857, the R. S. of 1841 were in force, and, by c. 95, § 19, all tenancies at will might be determined "by either party, by three months notice, in writing, for that purpose, given to the other party." The possession of a tenant at will, under that statute, before notice, and for three months after, can in no sense be held to be the possession of the landlord. "The tenant," remarks WILDE, J., in *French* v. *Fulton*, 23 Pick., 104, "has not only the possession, but the right of possession, and, in this respect, he stands on the same footing as a tenant for a term certain." In *Dickerson* v. *Godspeed*, 8 Cush., 119, it was held that a tenant at will, whose estate had not been legally determined, might maintain trespass *quare clausum fregit* against his landlord for entering upon the premises leased. So, in *Young* v. *Young*, 36 Maine, 133, SHEPLEY, C. J., says, "an estate at will, existing by the statute of this State, gives to the tenant rights for a period, after a written notice to quit, of equal validity with those acquired under a written lease for a like period."

The requested instruction should, therefore, have been given, if the landlord had wrongfully entered in 1857, without notice. Had the defendant's entry been before the Revised Statutes of 1858 were in force, the inquiry, as to the then existing law, would have been material. But, in point of fact, it was not till May, 1858, that the alleged trespass was committed.

The requested instruction was not therefore pertinent, and whether given or withheld, could not properly affect the rights of the parties.

The entry, which is the subject matter of complaint in this

Gordon *v.* Gilman.

suit, was made in May, 1858. In reference thereto, the counsel for the plaintiff requested the Court to instruct the jury, " that, since the first of January, 1858, the notice required by law to terminate such a tenancy, is thirty days notice to quit, in writing, served on the tenant thirty days before the time named for its termination, but, if no rent is due, it shall not be terminated except at the option of the tenant, until rent shall become due." This instruction was not given.

By the R. S. of 1858, the provision of c. 95, § 19, of the R. S. of 1841, is repealed, and the section relating to tenancies at will, and requiring notice in writing for their termination is omitted. The existing law therefore is, that tenancies at will are determinable at the will, of either party, and without notice, as was the law before the revision of 1841. *Ellis* v. *Paige*, 1 Pick., 43; *Moore* v. *Boyd*, 24 Maine, 243. The request, therefore, was properly denied. The defendant, at the time he did enter, by reason of the change in the law, was under no obligation to give notice, but might determine the estate at his will, and enter upon such determination.

The R. S., 1858, c. 94, §§ 1 and 2, relate only to the process of forcible entry and detainer, and to the notices required for its maintenance.

The other requests of the plaintiff have been so far substantially given, that we do not perceive that he has any just grounds of complaint.

The motion to set aside the verdict must be overruled. There is no such preponderance of proof on the part of the plaintiff, as to the facts in controversy, as indicates either mistake or misconduct on their, part. There was conflicting evidence, and it was their province to determine its relative credibility. There is no sufficient ground for disturbing the verdict. *Exceptions and motion overruled.*

TENNEY, C. J., RICE, CUTTING, MAY and KENT, JJ., concurred.